UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAROLINAS ELECTRICAL WORKERS' RETIREMENT FUND, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 3:06-0531 |
| v. ) ) | *Judge Echols* *Magistrate Judge Griffin* |
| UNIFIED ELECTRICAL CONTRACTORS, LLC, ) ) | |
| Defendant. ) | |

## ORDER

The Carolinas Electrical Workers' Retirement Fund (Plaintiff) and Unified Electrical Contractors, LLC (Defendant), along with its Chief Executive Officer James Lowder (Mr. Lowder) and his spouse, Rhonda B. Lowder (Ms. Lowder), have moved the Court to enter this order approving their agreement to settle all disputes in this civil action, and which also will satisfy Plaintiff's claims against Mr. and Ms. Lowder in a related action, 3:07-cv-0549. The agreement of the parties will satisfy unpaid amounts from a default judgment entered against Mr. and Ms. Lowder in 3:07-cv-0549 and the judgment entered against Defendant and Mr. Lowder in this action (Docket Entry no. 20). A warrant for the arrest of Mr. Lowder in this action (Docket Entry no. 62) would be rescinded, and this civil action which had been reopened by the Court's order of 1/14/09 finding Mr. Lowder in contempt (Docket Entry no. 61) would be administratively closed.

In the present action, Defendant initially agreed upon entry of a final order permanently enjoining Defendant and Mr. Lowder to submit past due contributions to Plaintiff, along with liquidated damages and attorney's fees, all to be submitted according to a schedule of monthly payments (Docket Entry no. 20). After Defendant and Mr. Lowder did not comply with the payment

001158\06277\00155601.WPD / Ver.1

schedule, Mr. Lowder was found in civil contempt (Docket Entry no. 33). Defendant and Mr. Lowder then once again agreed to maintain the monthly payments as required by the Court's injunction (Docket Entry no. 43), and this action was administratively closed conditioned upon continued compliance by Defendant and Mr. Lowder with the payment schedule (Docket Entry no. 48).

In the interim, Plaintiff filed 3:07-cv-0549 against Mr. Lowder for additional contributions which had become due and were unpaid, and the pleadings were amended to include a claim against Ms. Lowder for the additional contributions. Default Judgment was entered in 3:07-cv-0549 against Mr. and Ms. Lowder in the amount of $40,766.52 (Docket Entry no. 26 in that action). Mr. and Ms. Lowder have made a partial payment of the default judgment to Plaintiff.

Plaintiff, Defendant, and Mr. and Ms. Lowder have now agreed upon a resolution of all claims in this civil action, including a satisfaction of amounts owing under the injunction (Docket Entry no. 20) and the judgment in 3:07-0549. The basis of the settlement is a recognition of the total amount due to Plaintiff, with the amount due to be offset against Mr. Lowder's retirement account maintained by Plaintiff. Taking into consideration the history of the judgments in favor of Plaintiff and payments made and additional attorney's fees due Plaintiff, the parties have agreed the following amounts are presently due: for 3:07-0549, $21,622.89; for 3:06-0531, $15,350.83; and additional attorney's fees of $2,500. This is a total of $39,473.72 which the parties agree will be offset against Mr. Lowder's retirement account.

Plaintiff is a pension plan as defined at 29 U.S.C. § 1002 (2)(A). Mr. Lowder is a participant and Ms. Lowder is a beneficiary, 29 U.S.C. § 1002 (7) and (8). Plaintiff maintains an account for distribution to Mr. Lowder at his retirement, and to which Ms. Lowder enjoys a certain entitlement.

The account is generally subject to the anti-alienation provisions of ERISA, 29 U.S.C. § 1056 (d)(1), but a knowing and voluntary waiver of entitlement to the account by Mr. and Ms. Lowder does "not constitute an assignment or alienation rendered void under the terms of § 1056 (d)(1)." <u>Kennedy v. Plan Administrator for Dupont Savings and Investment Plan</u>, U.S. 172 L Ed 2d 662, 673 (2009). Moreover, the anti-alienation provision does not prevent an offset of a party's interest in a plan based upon a judgment rising from the party's breach of statutory duty to the same plan. <u>Crawford v. LaBoucherie Benard Ltd.</u>, 815 F.2d 117 (D.C. Cir. 1987); <u>St. Paul Fire and Marine Ins. v. Cox</u>, 752 F.2d 550 (11th Cir. 1985).

The Court has considered the agreement of the parties as set out in this order, and has determined that Mr. and Ms. Lowder are knowingly and willingly waiving certain entitlements under ERISA that they enjoy the education and business sophistication to understand, and that they recognize the effect of their waiver. Mr. and Ms. Lowder will not be unfairly deprived of any anticipated retirement benefits if Plaintiff is allowed to offset the amount owed to it by Mr. and Ms. Lowder. The offset will operate against the account balance of Mr. Lowder maintained by Plaintiff and Mr. and Ms. Lowder will receive the amount of benefits to which they would have been entitled had not the Plaintiff been depleted by their failure to pay amounts due as required by 29 U.S.C. § 1145. The beneficial interest of Mr. and Ms. Lowder in the account maintained on their behalf by Plaintiff is merely being offset by the amount they owe to Plaintiff. Accordingly, the Court approves the agreement of the parties and Plaintiff will offset against Mr. Lowder's retirement account the sum of $39,473.72, with the remaining balance to be maintained on his behalf by Plaintiff.

The warrant for the arrest of Mr. Lowder (Docket Entry no. 62) ~~will be~~ is rescinded, and ~~the Clerk is directed to administratively close this civil action.~~ this case is Dismissed with prejudice.

IT IS SO ORDERED.

[signature]

ROBERT L. ECHOLS
United States District Judge

APPROVED FOR ENTRY:

_____
R. Jan Jennings, BPR No. 1536
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North, 4th Floor
Nashville, Tennessee 37201-1631
Tel.: (615) 254-8801


_____
James Lowder


_____
Rhonda B. Lowder